UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MARLO WASHINGTON,

    Plaintiff,

v.                                          Case No. 3:23cv4041-LC-HTC

OFFICER G. COOK, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff Marlo Washington, a prisoner proceeding *pro se* and *in forma pauperis*, files this action against five correctional officers for violations of the Eighth Amendment stemming from a use of force incident. ECF Doc. 1. Upon review, the undersigned recommends this case be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B) as malicious for abuse of the judicial process due to Plaintiff's failure to disclose his litigation history.

I.    **STANDARD OF REVIEW**

Pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915 *et seq.*, "the court shall dismiss the case at *any time* if the court determines that . . . the action or appeal is frivolous or malicious; fails to state a claim upon which relief

may be granted; or seeks monetary relief from a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(B) (emphasis added); *see also* 28 U.S.C. § 1915A(b).

## II.     FAILURE TO DISCLOSE

Plaintiff's complaint form asks the following questions (1) "**Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?**" Plaintiff answered "No" and failed to identify any cases. ECF Doc. 1 at 12. The complaint form used by Plaintiff also asked the following question: "**Have you filed any other lawsuit, habeas corpus petition, or appeal in *state or federal court* either challenging your conviction or relating to the conditions of your confinement?**" Plaintiff answered "Yes" and disclosed one case, *Washington v. Mr. Bryan et al.*, No. 2:19-cv-14374-RLR (S.D. Fla. Mar. 1, 2022). *Id.* at 13–14. Plaintiff signed the complaint "under penalty of perjury, that all of the information stated above and included on or with this form, *including my litigation history*, is true and correct." *Id.* at 15–16 (emphasis added).

Upon investigation, the Court discovered Plaintiff's responses are false. Plaintiff did not disclose the following cases, which were related to the conditions of his confinement and which were dismissed: (1) *Washington v. Norwood, et al.*,

Case No. 3:23cv4041-LC-HTC

No. 2:21-cv-14192-RAR (S.D. Fla. May 12, 2021), dismissed for failure to state a claim; (2) *Washington v. Edelen, et al.*, No. 4:20-cv-00228-MW-MAF (N.D. Fla. Dec. 9, 2020), dismissed prior to service; and (3) *Washington v. Florida*, No. 3:22-cv-04262-LC-ZCB (N.D. Fla. Nov. 15, 2022), dismissed prior to service. All three cases bear Plaintiff's inmate number: 472871.

Plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the Court. If the Court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The Court will not tolerate false responses or statements in any pleading or motion filed before it. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.

Thus, the Court should not allow Plaintiff's false responses to go unpunished. An appropriate sanction for Plaintiff's failure to provide the Court with true factual responses is to dismiss this case without prejudice. *See Bratton v. Sec'y DOC*, 2012 WL 2913171, at *1 (M.D. Fla. July 16, 2012) (dismissing case without prejudice when prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, No. 5:08cv300-RS-EMT, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) (same); *see also Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than

dismissal would signal that a failure to disclose filings is an infraction without consequence."). As one district judge from this District recently stated in an order of dismissal for failure to disclose, "If the requirement for prisoner plaintiffs to disclose their prior lawsuits is to serve its purpose, a plaintiff must provide accurate information. If word got around the prisons that inaccurate or incomplete information could be provided with no effective sanction, the form would serve little purpose." *Rodriguez v. Inch*, No. 4:19cv191-RH-HTC, at ECF Doc. 52 (N.D. Fla. June 7, 2020).

Indeed, "[a] plaintiff's affirmative misrepresentation regarding his prior litigation history, when the complaint form required disclosure of such history and the plaintiff's statements were made under penalty of perjury, constitutes abuse of the judicial process warranting dismissal of the case without prejudice as 'malicious' under § 1915(e)(2)(B)(i) and § 1915A(b)(1)." *Ealy v. CCA*, 2015 WL 9647546, at *1 (N.D. Fla. Dec. 18, 2015) (collecting Eleventh Circuit cases affirming dismissals without prejudice where plaintiffs failed to disclose their prior litigation history). Plaintiff's failure to truthfully disclose his litigation history was "malicious" under the PLRA, 28 U.S.C. § 1915(e)(2)(B)(i), and is grounds for dismissal.

Accordingly, it is respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE under 28 U.S.C.

§ 1915(e)(2)(B)(i) as malicious for abuse of the judicial process due to Plaintiff's failure to disclose his litigation history.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 17th day of March, 2023.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within **fourteen (14) days** of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1.